UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC ANDERS** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-393** |
| **HERCULES OFFSHORE SERVICES, LLC ET AL.** | **SECTION I** |

### ORDER AND REASONS

Defendant, Hercules Offshore Services, LLC ("Hercules"), has filed a motion[1] *in limine* to limit or exclude the testimony of plaintiff's experts, Dr. David Lee, Nancy Favaloro, and Dr. John Gardner. According to Hercules, Dr. Lee's testimony, except for his recommendation for steroid injections, should be excluded because plaintiff's disclosure of Dr. Lee does not comply with the requirements of Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure; Ms. Favaloro's testimony concerning plaintiff's future medical costs should be excluded as speculative and based on hearsay; and Dr. Gardner's testimony concerning plaintiff's future medical costs and Life-Care Plan should be excluded on the basis that his calculations are derived from the speculative projections within Ms. Favaloro's report. Plaintiff opposes the motion.[2] For the following reasons, Hercules's motion is denied without prejudice as set forth herein.

### BACKGROUND

This lawsuit arises out of an injury allegedly suffered by plaintiff, Cedric Anders, while he was employed by Hercules. Dr. David Lee is plaintiff's treating physician. Plaintiff retained Nancy Favaloro as a vocational rehabilitation expert and Dr. John Gardner as an expert economist. Both parties agree that as a treating physician, Dr. Lee is not required to provide a written expert

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 33.

report pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure[3] to the extent that his opinions derive from information learned during actual treatment of the patient. *See Knorr v. Dillard's Store Servs., Inc.*, No. 04–3208, 2005 WL 2060905 (E.D. La. Aug. 22, 2005) (Vance, J.). However, "Rule 26(a)(2)(C) creates a separate requirement [for] expert witnesses who do not provide a written report, such as treating physicians." *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014) (Duval, J.) (citations omitted).[4]

Rule 26(a)(2)(C) requires the plaintiff to submit a disclosure of Dr. Lee's expert testimony stating "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Plaintiff's disclosure of Dr. Lee's testimony pursuant to Rule 26(a)(2)(C) reads as follows:

> Dr. David Lee: Dr. Lee will testify consistent with his reports which are attached. He will give opinions on the cause of the injuries suffered [sic] by Mr. Anders was the accident on the Hecules [sic] 202 on December 12, 2012, the diagnosis, treatment and prognosis of these injuries. He will also testify that Mr. Anders can only return to a light duty level of employment. These opinions were formed during the treatment of Mr. Anders and are based on the doctor's examination of Mr. Anders, the history of how the injuries occurred, and all other facts contained in his treatment, progress notes and medical records. Dr. Lee will testify that Mr. Anders is in need of an epidural steroid injection and that he will need future medical care as stated in the expert report of Nancy Favalora [sic]. He will also rely on the medical reports and notes of the other treating physicians. (Exhibit 3)[5]

---

[3] R. Doc. No. 29-1, at 6; R. Doc. No. 33, at 5.
[4] Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee Note ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.").
[5] R. Doc. No. 29-4, at 2–3.

Because Ms. Favaloro is a retained expert, plaintiff's disclosure of Ms. Favaloro was accompanied by a written report containing the information required by Rule 26(a)(2)(B).[6] One of the purposes of Ms. Favaloro's report is "to provide cost projections for medical treatment as recommended by Mr. Anders' physicians."[7] Her report includes the following passage with respect to the medical treatment recommended by Dr. Lee:

> David Lee, MD completed a neurosurgical evaluation on a referral from Gary Carr, MD on July 16, 2015. Dr. Lee prescribed medications and recommended a lumbar epidural steroid injection.
>
> During a conference with Dr. Lee, he further stated the MRI showed arthritic changes and recommended a series of two lumbar epidural steroid injections. He states that if the first two do not provide enough relief he does not always continue with the third. He also recommends EMG studies once a year and recommended a wellness program.
>
> He does not believe Cedric Anders is a good candidate for a fusion and that his option is pain management. If his pain is not improved, he recommended a trial dorsal column stimulator. If that is successful, he would recommend the permanent stimulator. He continues to recommend Norco, Naproxen and Neurontin as lifetime medications. He recommends an FCE [Functional Capacity Evaluation] and perhaps a discogram and MRI on an annual basis for surveillance purposes.[8]

Plaintiff also provided an expert report as part of his disclosure with respect to Dr. John Gardner. Dr. Gardner was hired by plaintiff to calculate "the present value of the cost of the Life Care Plan for the remaining lifetime of Mr. Cedric Anders."[9] Dr. Gardner's report "uses Ms. Favaloro's annual costs to project the total cost of the Life Care Plan."[10]

---

[6] Rule 26(a)(2)(B) requires an expert's report to include (1) a statement of all opinions the witness will express; (2) facts and data considered by them; (3) exhibits; (4) the witness's qualifications; (5) a list of cases in which the witness testified as an expert in the past four years; and (6) a statement of the compensation to be paid.
[7] R. Doc. No. 29-5, at 1.
[8] R. Doc. No. 29-5, at 4.
[9] R. Doc. No. 29-6, at 1.
[10] R. Doc. No. 29-6, at 1.

**LAW AND ANALYSIS**

Hercules argues that the testimony of all three witnesses should be excluded for essentially two reasons: (1) plaintiff's disclosure of Dr. Lee does not comply with Rule 26(a)(2)(C) and (2) even if plaintiff's disclosure does comply with that rule, Dr. Lee's testimony regarding treatments he may recommend—on which Ms. Favaloro and Dr. Gardner rely—is unduly speculative and unreliable.

The crux of Hercules's first argument is that plaintiff's Rule 26(a)(2)(C) disclosure did not adequately provide Hercules with "a summary of the facts and opinions to which [Dr. Lee] is expected to testify" because the disclosure did not contain all of Dr. Lee's opinions on its face, but rather incorporated by reference facts and opinions that Dr. Lee offered to Ms. Favaloro that were only stated in Ms. Favaloro's report.[11] Hercules does not, however, cite any case law supporting its argument that such incorporation is impermissible.

While there is little case law addressing the requirements of Rule 26(a)(2)(C)—which was only added to Rule 26 in 2010—Judge Duval of this Court has explained that "courts 'must take care against requiring undue detail' in Rule 26(a)(2)(C) disclosures." *Rea*, 2014 WL 4981803, at *5 (citations omitted). The summary should simply contain an "'abstract, abridgement, or compendium' of the opinion and facts supporting the opinion." *Id.* at *5. The Fifth Circuit has further acknowledged that "[t]he basic purpose of Rule 26 is to prevent prejudice and surprise." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (internal quotations and citations omitted).

The Court finds that while the manner in which plaintiff disclosed "a summary of the facts and opinions to which [Dr. Lee] is expected to testify" may not have been the preferred method, it

---

[11] *See* R. Doc. No. 29-4, at 3 ("Dr. Lee will testify that Mr. Anders is in need of an epidural steroid injection and *that he will need future medical care as stated in the expert report of Nancy Favalora* [sic].") (emphasis added).

was not so deficient as to warrant exclusion of Dr. Lee's testimony.[12] The basic purpose of Rule 26 is to prevent prejudice and surprise and, as plaintiff points out, Hercules's own experts have not been handicapped in opining on the Life Care Plan prepared as a result of Dr. Lee's testimony.[13] The disclosure of Dr. Lee's testimony, read in conjunction with Ms. Favaloro's report, adequately notified Hercules as to Dr. Lee's opinions and the factual bases for those opinions.

As a related argument, Hercules asserts that the portion of Dr. Lee's opinion only included in Ms. Favaloro's report should be excluded as hearsay.[14] But this argument is also without merit. Dr. Lee is expected to testify regarding "the need [for the life care plan] and the facts that support the life care plan," as well as any other needed future care.[15] Accordingly, at trial there should be no hearsay problem with respect to Dr. Lee's testimony and Ms. Favaloro should be able to rely on it—to the extent it is admissible—as support for her opinions regarding the life care plan.

Hercules also asserts, however, that parts of Dr. Lee's testimony—and the portions of Ms. Favaloro's testimony and Dr. Gardner's testimony that rely on these parts of Dr. Lee's testimony—should be excluded as speculative and unreliable. Hercules refers to those portions of Dr. Lee's testimony where he articulates the treatment that he might recommend to plaintiff if certain antecedent treatments prove ineffective.[16] In support of this argument for exclusion, Hercules

---

[12] As previously noted, plaintiff's disclosure states explicitly that "Dr. Lee will testify that Mr. Anders is in need of an epidural steroid injection *and that he will need future medical care as stated in the expert report of Nancy Favalora* [sic]." R. Doc. No. 29-4, at 3. The Court's ruling that disclosure in this manner was not inadequate in this case does not preclude the Court from finding a party's Rule 26(a)(2)(C) disclosure insufficient in another case where the adoption by reference is not as clear.

[13] An expert for Hercules, Dr. Thomas Cullom, III, was deposed regarding his views on the necessity of the different aspects of plaintiff's proposed life care plan. *See* R. Doc. No. 33-1, at 1–6.

[14] R. Doc. No. 29-1, at 7–8.

[15] R. Doc. No. 33, at 6.

[16] *See* R. Doc. No. 29-5, at 4.

relies on this Court's decision in *Wilcox v. Max Welders, L.L.C.*, No. 12-2389, 2013 WL 4517907 (E.D. La. Aug. 22, 2013).[17] But this reliance is misplaced.

In *Wilcox*, this Court considered the defendants' motion *in limine* to exclude the plaintiff's expert life care planner's report and testimony, which opined as to the cost of lifelong 24-hour supervision for the plaintiff. 2013 WL 4517907 at *1. The plaintiff's own treating physician had admitted in his deposition that after three to five years he did not think that the plaintiff would need 24-hour care anymore. *Id.* For that reason, this Court concluded that there was no longer any evidence that the plaintiff would require lifelong 24-hour supervision, and it therefore excluded the life care planner's testimony regarding the cost of such treatment as lacking support in fact and as unfairly prejudicial. *Id.* at *1–2.

As plaintiff in this case argues, *Wilcox* is clearly distinguishable from the facts before the Court, as plaintiff's expert does not opine that certain treatments *will not* be necessary, but rather that they *might be* necessary depending on the result of prior treatments.[18] The fact that Hercules disagrees with this prognosis is not enough to exclude it as unreliable at this stage of the proceedings. As this Court observed in *Wilcox*:

> "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary

---

[17] Hercules also cites the *Rea* opinion as support for its argument. 2014 WL 4981803. *Rea*, however, is inapposite. In that case, the district court excluded a treating physician's opinions regarding the plaintiff's need for surgery after finding that the opinions were based not on the physician's examination of the plaintiff himself but rather on the physician's scientific knowledge of conditions like the plaintiff's. *Id.* at *5. The court held that those portions of the physician's testimony should have been presented in an expert report pursuant to Rule 26(a)(2)(B), and that furthermore the physician had not offered any facts to support those opinions. *Id.* After excluding those portions of the physician's testimony, the court limited the testimony of the plaintiff's vocational rehabilitation expert (who happened to be Nancy Favaloro) to the extent that it relied on the excluded portions of the physician's testimony. *Id. Rea* does not help Hercules here, where Dr. Lee's treatment recommendations are based on his examination of plaintiff.

[18] *See* R. Doc. No. 29-5, at 4.

evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

*Id.* at *1. Many of Hercules's concerns may be addressed through cross examination. Indeed, it is "the role of the adversarial system, not the court, to highlight weak evidence." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004).[19]

The Court does caution, however, that Ms. Favaloro and Dr. Gardner will not be permitted to testify at trial as to any projected treatment costs that are not at that point supported by sufficient evidence. Dr. Lee's testimony will also need to satisfy an evidentiary threshold before his expert testimony as to future treatment is allowed. In order to be admissible, projected treatment costs must be based on evidence demonstrating the treatment that a plaintiff will probably need, not simply the treatment that he might need. *See Boudreaux v. Ace American Ins. Co.*, 2013 WL 1288633, Civ. A. 11–1213, *3 (E.D. La. 3/26/2013) (Berrigan, J.) ("The proper standard for determining whether a plaintiff is entitled to future medical expenses is proof by a preponderance of the evidence that the future medical expense will be medically necessary.").

Accordingly,

**IT IS ORDERED** that Hercules's motion *in limine* to exclude portions of the expert testimony of Dr. David Lee, Nancy Favaloro, and Dr. John Gardner, is **DENIED WITHOUT PREJUDICE** to Hercules's right to object to any such testimony at trial.

New Orleans, Louisiana, November 12, 2015.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[19] Of course, nothing prevents Hercules from more thoroughly questioning the bases for Dr. Lee's opinions in a deposition if Hercules chooses to do so.